John F. Kuenstler (SBN 312983)
john.kuenstler@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California  90067-2904
Telephone:  (310) 284-3880
Facsimile:   (310) 284-3894

Ashley N. Lopeztello (SBN 329254)
alopeztello@btlaw.com
**BARNES & THORNBURG LLP**
655 West Broadway, Suite 1300
San Diego, California  92101
Telephone:   (619) 321-5000
Facsimile:    (310) 284-3894

Attorneys for Defendants
CERAFILTEC US, LLC and PETER GROSS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES AARON TRUE TEMPLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CERAFILTEC US, LLC, a Georgia LLC; PETER GROSS, an individual; CHRISTOPHER POJE, an individual, and Does 1 through 10,<br><br>Defendants. | Case No. 2:25-cv-6598<br><br>**DEFENDANTS' PETITION AND NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>*[Filed concurrently with Declaration of Christopher Poje, Declaration of Peter Gross, Declaration of Ashley N. Lopeztello, Corporate Disclosure Statement, Certification of Interested Parties, and Civil Cover Sheet]*<br><br>Complaint Filed:   May 30, 2025<br>Trial Date:          Not Set<br>District Judge:     TBD<br>Magistrate Judge:  TBD |

1

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Cerafiltec US, LLC ("Cerafiltec") and Peter Gross ("Gross") (collectively, "Defendants") petition the Court to remove this action from the Superior Court of the State of California for the County of Los Angeles West Division to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446. Defendants make this petition on the grounds that complete diversity of citizenship exists between Plaintiff James Aaron True Temple ("Plaintiff"), a citizen of California; Cerafiltec, a citizen of Georgia and Germany; Poje, a citizen of Georgia; and Gross, a citizen of Minnesota.[1] Further, the amount in controversy exceeds $75,000, and the foregoing facts were also true when Plaintiff filed the Complaint.[2]

## I.    THE STATE COURT ACTION

1.    On May 30, 2025, Plaintiff filed an action against Defendants entitled, "*James Aaron True Temple, an individual, Plaintiff, vs. Cerafiltec US, LLC, a Georgia LLC, Peter Gross, an individual, Christopher Poje, an individual, and Does 1-10, Defendants*" in Los Angeles Superior Court, Case Number 25SMCV02791. A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A**.

2.    On June 18, 2025, Plaintiff served the Complaint on Defendants, including the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice of

---

[1] Poje is not represented by the undersigned counsel of record for Cerafiltec and Gross. Poje is not currently represented by counsel, which is why the instant Notice is only filed on behalf of Cerafiltec and Gross. However, notably, Poje consents to this Removal. (Declaration of Christopher Poje ("Poje Decl.") ¶ 4.)

[2] Unless expressly stated otherwise, all facts alleged in this Petition and Notice of Removal are true now and were true when Plaintiff filed the Complaint.

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

Case Management Conference, and Alternative Dispute Resolution Package.  True and correct copies of these documents are attached as **Exhibit B**.

3.      On July 18, 2025, Defendants timely filed and served their Answer to Plaintiff's Complaint in Los Angeles Superior Court.  A true and correct copy of the Answer is attached as **Exhibit C**.

## II.    REMOVAL IS TIMELY

4.      A defendant in a civil action has thirty days from the date that service of the summons and complaint is complete to remove the action to federal court.  28 U.S.C. § 1446(b). Since Defendants filed this removal within thirty days of June 18, 2025, when the Complaint was served, removal is timely.

## III.   COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

### A.    Plaintiff Is a Citizen of California.

5.      For diversity purposes, a natural person is a citizen of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

6.      Plaintiff is, and at all times relevant to this action was, a citizen of California with his principal place of residence in California.  (Complaint, ¶ 5 ("James Aaron True Temple is, and at all material times was, an individual who resides in Los Angeles County.")) *See Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991 (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his or her last residence at the time a suit was filed).  Therefore, Plaintiff is a citizen of California.

/ / /

/ / /

/ / /

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

**B.    Cerafiltec is a Citizen of Georgia and Germany, Poje is a Citizen of Georgia, and Gross is a Citizen of Minnesota.**

7.    For removal purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

8.    None of Cerafiltec's owners/members are citizens of California. (Declaration of Peter Gross ("Gross Decl."), ¶ 5.)

9.    To the extent Cerafiltec is deemed a corporation, it is a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (2010). This is typically the place where the corporation "maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

10.    Cerafiltec was formed under the laws of Georgia. (Gross Decl., ¶ 6.) Cerafiltec does not currently have a headquarters office, c-suite executives, or any employees, but when it did, the headquarters were in Georgia, and the c-suite executives worked at the headquarters in Georgia, where they directed, controlled, and coordinated the Company's activities. *Id.*  Thus, Cerafiltec's principal place of business is located in Georgia. *Id.*

11.    Defendant has a parent company, Cerafiltec Germany GmbH, which was formed under the laws of Germany, and Cerafiltec Germany GmbH's headquarters, where the company's officers direct, control, and coordinate the company's activities, are located in Germany. (Gross Decl., ¶ 7.)  Thus, Cerafiltec Germany GmbH's principal place of business is in Germany. *Id.*

12.    Therefore, Cerafiltec is a citizen of Georgia and Germany.

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

13.     As set forth above, for diversity purposes, a natural person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, supra, 704 F.2d at 1090. A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kantor v. Warner-Lambert Co.*, supra, 265 F.3d at 857.

14.     At all times relevant to this litigation, Gross has resided in Minnesota. (Gross Decl., ¶ 4.) Thus, he is domiciled and is a citizen of Minnesota. *Id.*

15.     At all times relevant to this litigation, Poje has resided in Georgia. (Poje Decl., ¶ 3.) Thus, he is domiciled and is a citizen of Georgia. *Id.*

16.     Because Plaintiff is a citizen of California; Cerafiltec is a citizen of Georgia and Germany; Poje is a citizen of Georgia; and Gross is a citizen of Minnesota, complete diversity among the parties exists.[3]

## IV.    THE JURISDICTIONAL MINIMUM IS SATISFIED

17.     This Court's jurisdictional minimum of an amount in controversy over $75,000 is satisfied.[4]

18.     As an initial matter, Defendants are only required to demonstrate that it is "more likely than not" that the amount in controversy exceeds the jurisdictional limit. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 863 (9th Cir. 1996). The Court may, for removal purposes, look to the Complaint and removal papers for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

---

[3] The citizenship of "doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966 (9th Cir. 2002) (citizenship of fictitious defendants is irrelevant for removal purposes).

[4] Defendants discuss the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy exceeds $75,000. In doing so, Defendants do not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his causes of action.

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

19.    In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, and attorneys' fees.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

### A.    <u>Lost Earnings</u>

20.    Plaintiff seeks to recover lost earnings. (Complaint, ¶¶ 27-50, 54-55, 64-68, and 70-72; Prayer, ¶ 1.)

21.    Plaintiff was paid a base salary of $150,000 per year, with the ability to earn bonuses based upon both regional sales and overall company performance.  (Complaint, ¶ 11.)  This equates to approximately $2,884.62 per week ($150,000/52 weeks).

22.    Based on Plaintiff's weekly earnings of approximately $2,884.62, Plaintiff's lost earnings since the end of his employment on May 6, 2025 (Complaint, ¶ 25) currently total approximately $23,076.96 ($2,884.62 per week x approximately 8 weeks).

23.    According to the 2025 Federal Judicial Caseload Statistics for U.S. District Courts, the median time from filing to disposition of a case for civil cases is 23.9 months. (Declaration of Ashley N. Lopeztello ("Lopeztello Decl."), ¶ 4, Exh. D.)  Twenty-three months, one week and two days from the May 30, 2025 date of filing in this case is approximately May 9, 2027.  Thus, the amount of past lost earnings Plaintiff has put in controversy, i.e., total lost earnings between the end of Plaintiff's employment on May 6, 2025, and the estimated trial date in this matter based on the median time to trial in a U.S. District Court, which this is, is $300,000.48 ($2,884.62 per week x 104 weeks).

24.    In addition to Plaintiff's salary, he alleges:

> For the regional sales bonus, Temple was entitled to an amount corresponding to a percentage of the respective sales within the region for which he was responsible. For sales exceeding $4 million, Temple's bonus was $160,000 plus 5% of the amount exceeding $4 million. For the company sales bonus, Temple was entitled to an amount corresponding to a percentage of total company sales. For sales

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

exceeding $10 million, Temple's bonus was $65,000 plus 0.75% of the amount exceeding $10 million. The Offer Letter specified that these bonuses had no cap and would be paid as collected. The company-based bonus was to be paid twice annually and the regional bonus four times annually. Per the Offer Letter, each of these bonuses were earned as of the booking date. Throughout 2024, Temple successfully led the closing in over $15 million of sales of Cerafiltec goods. Temple therefore was entitled to both regional and company bonuses pursuant to the terms of his Offer Letter. Based on the volume of sales in Temple's region and company-wide, his bonus entitlement was over $800,000.

(Complaint, ¶¶ 13-17.)  This further establishes that the amount in controversy exceeds the $75,000 jurisdictional required amount.

## B.    Attorneys' Fees

25.    Plaintiff seeks to recover attorneys' fees.  (Complaint, ¶¶ 34 and 40; Prayer, ¶ 6.)

26.    When authorized by statute or contract, claims for attorneys' fees are properly considered in determining the amount in controversy. *Gault G/S/, supra*, 142 F.3d at 1155-56 (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract); *see also* Cal. Govt. Code § 12965(b) (courts may award attorneys' fees to the "prevailing party" in employment actions); *Horsford v. Bd. of Trs. of Cal. St. Univ.*, 132 Cal.App.4th 359, 394 (2005) ("prevailing party" is entitled to attorneys' fees "absent circumstances that would render the award unjust"); Labor Code § 1194 ("any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."); Labor Code § 218.5 (permits an award of attorneys' fees to the prevailing party "[in] any action brought for the nonpayment of wages …."")[5]

---

[5] Plaintiff's first cause of action is for Nonpayment of Wages and his second cause of action is for Nonpayment of Minimum Wage. (Complaint, ¶¶ 27-40.)

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

27.    Moreover, the measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002).

28.    As other courts have noted, employment actions often "require substantial effort from counsel." *Id.* A typical hourly rate for employment cases in district courts of California, such as the Central District, is approximately $300 per hour. *See Casey v. ACE Cash Express, Inc.*, 2014 WL2468344, at *5 (C.D. Cal. May 30, 2014). At a relatively low billing rate of only $300 per hour, an attorney would only have to spend 250 hours to reach $75,000 in attorneys' fees. An attorney in a single-plaintiff employment action is generally more likely than not to expend over 250 hours between discovery, motion practice (including summary judgment and other pretrial motions), trial preparation, trial, and other case-related activity. (Lopeztello Decl., ¶ 5.) Accordingly, to litigate this case through trial at the typical hourly rate for employment discrimination cases in this district, it is reasonable to anticipate that Plaintiff's attorneys' fees will be at least $75,000 (250 hours x $300 per hour).

### C.    Emotional Distress Damages

29.    Plaintiff seeks an award of emotional distress damages. (Complaint, ¶ 50.)

30.    Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons, supra*, 209 F.Supp.2d at 1031-35 (finding that the plaintiff's alleged income loss of only $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfied the amount in controversy requirement).

31.    While Plaintiff does not state a specific amount of emotional distress damages that he is seeking, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of the amount in controversy); *Bennett v. Alaska Airlines, Inc.*, 2014 WL1715811, at *3 (C.D. Cal. 2014) (removing defendant may establish the amount in controversy by reference to jury verdicts in comparable cases).

32.    As the following cases show, emotional distress damages in employment discrimination actions are often sufficient, in and of themselves, to satisfy the amount in controversy requirement:

- *Iwekaogwu v. City of Los Angeles*, 75 Cal.App.4th 803 (1999) (upholding $450,000 emotional distress award in a single-plaintiff employment discrimination case where the plaintiff did not seek treatment from a psychologist or psychiatrist and complained only of moderate symptoms, such as nightmares and stress);

- *Anderson v. American Airlines*, 352 Fed.Appx. 182, 183 (9th Cir. 2009) (upholding award of emotional distress damages for $1,000,000 in single-plaintiff employment discrimination case);

- *Lemke v. BCI Coca-Cola of Los Angeles*, Los Angeles Superior Court Case No. 2002-074745 (Dec. 16, 2004) (jury awarded $135,000 in emotional distress damages in employment case where plaintiff alleged disability discrimination, wrongful termination in violation of public policy, and intentional infliction of emotional distress); and

- *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (Super. Ct. L.A. County) (awarding $500,000 for pain and suffering to employee in discrimination action).

33.    Based on this, Plaintiff's claims for emotional distress damages alone put the amount in controversy in this matter over $75,000.

### D.    **Punitive Damages**

34.    Plaintiff seeks an award of punitive damages. (Prayer, ¶ 1.)

35.    Punitive damages are also included when determining the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

36.    California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). An examination of jury awards shows that punitive damages awards alone in these types of discrimination cases often exceed the $75,000 amount in controversy requirement. *See, e.g., Carter v. CB Richard Ellis*, 2001 WL 34109371 ($600,000 award of punitive damages in discrimination case).

37.    Therefore, Plaintiff's claims for punitive damages alone put the amount in controversy above the jurisdictional minimum of this Court.

**E.    Total Claimed Damages**

38.    While the Complaint does not allege a damage amount,[6] removal is proper as it is more likely than not that the value of Plaintiff's claims exceeds $75,000 based on the allegations in the Complaint. *See Sanchez, supra,* 102 F.3d at 404; *see also Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

/ / /

/ / /

/ / /

/ / /

---

[6] Notably, Plaintiff's Complaint states, "Based on the volume of sales in Temple's region and company-wide, his bonus entitlement was over $800,000 […] These bonuses constitute wages under Labor Code § 200(a) and there is no good faith dispute as to whether they are owed." (Complaint, ¶¶ 17 and 29.) Thus, the jurisdictional amount is satisfied.

10

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

39.     In sum, the total amount in controversy is at least $1,325,000.48, well above the $75,000 jurisdictional minimum, as demonstrated below.

| Type of Damages | Amount in Controversy |
| --- | --- |
| Lost Earnings | $1,100,000.48+ |
| Attorneys' Fees | $75,000+ |
| Emotional Distress | $75,000+ |
| Punitive Damages | $75,000+ |
| **Total** | **$1,325,000.48+** |

## V.     THE REQUIREMENTS OF 28 U.S.C. SECTION 1446 HAVE BEEN SATISFIED

40.     In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

41.     This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

42.     In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is accompanied by **Exhibits A and B**, which are copies of all process, pleadings, and orders served on Defendants.  Moreover, this Notice of Removal is also accompanied by **Exhibit C**, which is a copy of Defendants' Answer to the Complaint, which is the only pleading Defendants have served on Plaintiff in the state court proceeding.

43.     In accordance with 28 U.S.C. section 1446(b), Defendants' Notice of Removal was filed within thirty days after completion of the initial service on Defendants, which was on June 18, 2025.

44.     In accordance with 28 U.S.C. section 1446(d), Defendants will give written notice of the original removal of this action to Plaintiff via counsel and will file a copy of that Notice with the Los Angeles County Superior Court.

/ / /

/ / /

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

## VI.   CONCLUSION

45.   Because jurisdiction is proper under 28 U.S.C. section 1332 (diversity), Defendants respectfully request that this Court exercise its removal jurisdiction over this action.

46.   If this Court has any questions regarding the propriety of this Notice of Removal, Defendants respectfully request that it issue an Order to Show Cause, so that Defendants may have an opportunity to address such questions.

Dated: July 18, 2025                                    **BARNES & THORNBURG LLP**

By: */s/ Ashley N. Lopeztello*
    John F. Kuenstler
    Ashley N. Lopeztello

    Attorneys for Defendants
    CERAFILTEC US, LLC and
    PETER GROSS